**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 3:20-cr-117(4) |
| Plaintiff | Judge Michael J. Newman |
| -vs- | |
| RYAN REESE | **REQUEST TO RECONSIDER DECISION ON BOND REVIEW** |
| Defendant | |

_____

Now comes Counsel for the Defendant, Ryan Reese, and at Defendant's request to Counsel, asks that the Court reconsider the previous decision denying any bond in this case. (Doc. 48).

                                                Respectfully submitted,

                                                s/<u>Vincent P. Popp</u>
                                                Vincent P. Popp, #0022231
                                                Attorney for Defendant Ryan Reese
                                                435 Shadowlawn Avenue
                                                Dayton, Ohio 45419
                                                Tel: (937) 716 1192
                                                E-Mail: vincepopplaw@gmail.com

**MEMORANDUM**

Ryan Reese filed a Motion For Bond Review on March 2, 2021. (Doc.44). That motion was denied by the Court on March 24, 2021. (Doc. 48). In filing this request for reconsideration, Defendant would largely rely and adopt what was put forth in his original motion but would emphasize two things.

First, Defendant's prior record consists of two misdemeanors, disorderly conduct and DUI. No felonies. Second, and more important, after Defendant was indicted in state court on March 13, 2020 for basically these same charges and was in Kentucky, he not only returned to Dayton on Monday, March 16, 2020, but also turned himself in at the Montgomery County Jail that same day. Now if that fact does not defeat any presumption that he will run away and not show for court, then nothing does.

In the decision to deny any bond, the Court correctly pointed out that under 18 U.S.C. 3142(f), the detention hearing can be reopened if there is relevant information not known at that time. What was not known at the time of Defendant's detention hearing on September 24, 2020, was that a codefendant, Markale Thomas would not be in federal custody, although his whereabouts were known, for another 9 months. Although now in federal custody, Thomas is not yet in this court's jurisdiction. When he finally does come before the Court, defense counsel must be appointed and that person will undoubtedly need a great deal of

time to get caught up in a case that the Court has already designated as complex and unusual.

The Bail Reform Act gives a court options for pretrial release ranging from release on a mere signature bond to total pretrial confinement in jail. However, there is a middle ground the Court can take. Even if a court finds that a signature bond would not assure the further appearance of a defendant or protect the public, that court shall order the pretrial release on conditions. 18 U.S.C. 3142(c )

As previously indicated Defendant is amenable to 24 hour house arrest. Defendant, by coming back to Dayton and turning himself in, has demonstrated that he will appear for any court hearings. The public is just as protected with Defendant on 24 hour house arrest as it would be with Defendant in jail.

Defendant is coming up on 15 months of pretrial custody with no end in sight. Based on the foregoing arguments he respectfully requests that the Court reconsider the prior decision on bond a grant him pretrial release subject to 24 hour lock down and any other conditions the Court finds appropriate.

                                      Respectfully submitted,

                                      s/Vincent P. Popp
                                      Vincent P. Popp, #0022231
                                      Attorney for Defendant Ryan Reese
                                      435 Shadowlawn Avenue
                                      Dayton, Ohio 45419
                                      Tel: (937) 716-1192
                                      E-Mail: vincepopplaw@gmail.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 2, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will provide notification of such filing to Amy Smith, Assistant United States Attorney, Counsel for Plaintiff.

                                        s./Vincent P. Popp
                                        Vincent P. Popp, #0022231